UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael HOLLAND, Lawrence John Holland, Arnold Holland and Paul Murphy, Defendants-Appellants.

No. 83–3668
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1984.

Rehearing and Rehearing En Banc Denied Nov. 16, 1984.

---

William J. Sheppard, Elizabeth L. White, Jacksonville, Fla., for defendants-appellants.

Charles A. Caruso, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

The major issue argued in this appeal is whether a motor home is protected by the warrant requirement of the Fourth Amendment, or whether it falls within the automobile exception to the warrant requirement. We hold that the issue cannot be decided in categorical terms and that in this case, the vehicle was not being used as a home in any sense of the word so that the automobile exception was properly applied. There being probable cause for the search which revealed a large quantity of marijuana, and no error in considering "wire tape" and "body bug" evidence, the defendants' convictions for conspiracy to possess and possession of marijuana in excess of 1000 pounds, 21 U.S.C.A. §§ 841(a)(1), 846, and 18 U.S.C.A. § 2, are affirmed.

Briefly, the facts which established probable cause for the authorities to believe that the motor home was being used to transport marijuana are as follows. When one pound of marijuana was found in his car at the time of his arrest, an informant in this action admitted that he purchased the marijuana with money supplied by Aaron Holland, brother of defendants, and that he had distributed marijuana for Aaron Holland in the past and had been approached by Holland recently to transport a large quantity of marijuana. Monitored telephone calls by the informant to Holland confirmed an upcoming deal. Thereafter, two rented Winnebago motor homes, the subject of this controversy, appeared at Holland's home.

The two motor homes, followed by a 1983 Dodge-Ram van and a 1982 Jeep Wagoneer, convoyed south to Fort Myers, Florida. Along the way motel rooms were rented. Various conversations by CB radios were carried on between the vehicles. Numerous stops were made. Upon arrival at a Fort Myers Ramada Inn, the motor homes were parked across the street from the motel and, thereafter, the larger motor home departed following a cream or light-colored Ford truck to a residence on Ellis Drive. The truck returned to the motel and the two occupants entered the motel. At about this time, a consented to electronically-monitored conversation between Holland and the informant confirmed that a transaction was in progress. Thereafter, the jeep and smaller motor home proceeded to the Ellis Road residence.

The motor homes were then observed leaving the residence, riding lower in the rear. The vehicles' windows, previously closed, were now open. When stopped shortly thereafter, approximately 1495 pounds of marijuana were found, in plain view, in the motor homes and smaller quantities of marijuana and handguns were found in the van and the jeep. Michael Holland was found to have signed rental agreements for the lease of the motor homes.

The automobile exception to the Fourth Amendment warrant requirement generally permits warrantless searches of motor vehicles where there is probable cause to believe that the vehicle contains

contraband. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The rationale for warrantless searches of such vehicles is based on exigency and the inherent mobility of the vehicle as well as a diminished expectation of privacy in automobiles. *See United States v. Ross,* 456 U.S. 798, 805–806, 102 S.Ct. 2157, 2162, 72 L.Ed.2d 572 (1982); *United States v. Chadwick,* 433 U.S. 1, 12, 97 S.Ct. 2476, 2484, 53 L.Ed.2d 538 (1977); *Chambers v. Maroney,* 399 U.S. 42, 48–52, 90 S.Ct. 1975, 1979–1981, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925). Defendants argue that the mobility aspect of these early decisions has shifted to a diminished expectation of privacy, and that persons do not have any different expectation of privacy in a motor home than they have in a home. Since the motor homes were being used solely for transportation, we need not decide whether, if the vehicle was indeed being used as a place to live, the defendants could prevail on this argument. The cases relied upon by the defendant, furthermore, are not factually similar to the case at hand.

In *People v. Carney,* 34 Cal.3d 597, 194 Cal.Rptr. 500, 668 P.2d 807 (1983), *cert. granted, California v. Carney,* —— U.S. ——, 104 S.Ct. 1589, 80 L.Ed.2d 122 (1984), upon which the defendants rely, the Supreme Court of California held that where the motor home was not moving, was furnished as a dwelling and was used principally as a dwelling, it was not subject to search under the warrant requirement's "automobile exception." Although currently pending on certiorari in the United States Supreme Court, the *Carney* decision will not reach this action where the motor homes were rented for transportation purposes and the occupants had not used the motor homes as a dwelling. Defendants rented motel rooms during their travels, parked the motor homes in commercial parking lots, had no personal living effects therein and were stopped while in transit on the highway. The Ninth Circuit has held that the "automobile exception" is inapplicable to a motor home. *United States*

*v. Williams,* 630 F.2d 1322 (9th Cir.1980). The Court relied on the immobility of the particular motor home in question and the general distinction between the difference in use between a motor home and an automobile.

People typically do not remain in an auto unless it is going somewhere. The same is not true of a motor home, in which people can actually live. In the ordinary motor home, the glass is tinted or shades can be drawn so that passers-by cannot peer in. Moreover, many, like the one in this case, have beds and fully equipped baths, making them in some senses more akin to a house than a car.

630 F.2d at 1326.

In a subsequent case, a Ninth Circuit panel decided that under *Williams,* "we cannot sanction the search at issue here merely on the basis of the 'automobile exception'", but upheld a search of a motor home as a warrantless "protective sweep" search incident to arrest. *United States v. Wiga,* 662 F.2d 1325, 1329 (9th Cir.1981). The Ninth Circuit has yet to determine whether the mere configuration of the vehicle is controlling or whether the decisions will turn on the use being made of the vehicle.

As for the case at hand, we hold that under the facts known to the officers at the time of the search, the motor homes were being used as automobiles, or trucks, and that the standard of reasonableness that applies to such vehicles applies here. The use of a vehicle, not its shape, should control the standard that applies. As an analogy, the extent that there may be different Fourth Amendment standards for a home and a business would not depend upon whether the business was in a building that looked like a home. The difference in standards is based on the reduced expectation of privacy in a business. *See Donovan v. Dewey,* 452 U.S. 594, 598–99, 101 S.Ct. 2534, 2537–38, 69 L.Ed.2d 262 (1981) (holding that expectation of privacy that the owner of commercial property enjoys in such property differs significantly

from the sanctity accorded an individual's home); *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) (holding that to decide whether or not a given "area," viewed in the abstract, is "constitutionally protected" deflects attention from the problem presented because the Fourth Amendment protects people, not places).

The decision that the use of a vehicle, not its configuration, controls the application of the automobile exception to the warrant requirement decides this case. The arguments that there was insufficient probable cause for an automobile exception search and that the court improperly considered "wire tap" and "body bug" evidence determining that there was probable cause for the searches are without merit and need no discussion.

AFFIRMED.