516 So.2d 310 (1987)
The STATE of Florida, Appellant,
v.
Stuart Alan LANGER, Appellee.
No. 87-578.
District Court of Appeal of Florida, Third District.
December 8, 1987.
Rehearing Denied January 11, 1988.
Robert A. Butterworth, Atty. Gen., Michael J. Neimand, Asst. Atty. Gen., and Claire Lardner, Certified Legal Intern, for appellant.
Richard G. Ozelie, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
This is an appeal by the state from a non-final order of the trial court suppressing marijuana residue and four kilos of cocaine seized by police officers during a search of Langer's automobile. Because the trial court misapplied the law regarding automobile searches, we reverse the suppression order.
Police officers had stopped Langer's automobile for two traffic infractions. The *311 officers perceived a strong odor of marijuana emanating from Langer's automobile and observed marijuana in plain view inside the vehicle. Langer was arrested for possession of marijuana. A contemporaneous patdown search of his person yielded an additional five grams of marijuana. Approximately two hours after Langer had been taken into custody, the police conducted a comprehensive search of his automobile. The police officers discovered marijuana residue in the trunk. They searched the engine, the glove compartment, the console, and the seats. By unscrewing and removing the plastic moldings securing the seats, the officers were able to look inside the front seats where they discovered four kilos of cocaine.
Langer moved to suppress all physical evidence on the ground that the stop of his automobile, his arrest, and the subsequent searches were unlawful. Following an evidentiary hearing, the trial court entered a written order. The trial court specifically found that the initial stop of Langer's automobile "was a valid stop for a legitimate traffic infraction." The trial court also found "that the officers properly arrested the defendant for possession of marijuana which they observed in plain view inside the car he was driving after a lawful traffic stop, and that they were authorized to search the defendant's person incident to this lawful arrest." Accordingly, the trial court denied Langer's motion to suppress the five grams of marijuana found on his person and the marijuana found in the passenger compartment of his automobile. The trial court granted Langer's motion to suppress the marijuana residue found in the trunk and the four kilos of cocaine found inside the seats. The trial court concluded
that the search of these areas of the automobile  the engine compartment, the trunk, and the insides of the seats of the car which required unscrewing and removal of the moldings that secure the seats  was improper and authorized by neither the automobile exception to the warrant requirement initially applied in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280 [69 L.Ed. 543] (1925), nor as a search incident to a lawful arrest as the scope of such search has been defined in New York v. Belton, supra [453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)].
Police officers may search an automobile without a warrant when there is probable cause to believe that it contains contraband or the fruits or instrumentalities of crime. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); United States v. Holland, 740 F.2d 878 (11th Cir.1984), cert. denied, 471 U.S. 1124, 105 S.Ct. 2654, 86 L.Ed.2d 271 (1985); State v. Sasser, 483 So.2d 859 (Fla. 5th DCA 1986); State v. Lumpkin, 428 So.2d 711 (Fla. 3d DCA 1983). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Ross, 456 U.S. 798, 825, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572, 594 (1982). Having found the initial stop of Langer's automobile to be lawful, the trial court erred in restricting the scope of the subsequent search of his automobile. "[O]rdinarily probable cause to search a vehicle will constitute probable cause to search the entire vehicle with at least some intensity... ." 3 La Fave, Search and Seizure § 7.2(c) (2d ed. 1987).
The search of Langer's automobile was not dependent upon the concepts of search incident to a lawful arrest, e.g., New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), or inventory search, e.g., South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The search of Langer's automobile was predicated wholly on the police officers' probable cause to believe that it contained contraband. The trial court erred in attaching significance to the fact that the detailed search of Langer's automobile occurred two hours after his arrest. "There is no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure." United States v. Johns, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985). In Johns, the Court found that DEA officers had acted properly *312 by waiting until they returned to their headquarters before they searched the pickup trucks they had seized. See Florida v. Meyers, 466 U.S. 380, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984); Michigan v. Thomas, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); State v. Landry, 459 So.2d 428 (Fla. 1st DCA 1984). The justification for conducting a warrantless search does not dissipate simply because the vehicle has been immobilized. Thomas, 458 U.S. at 251, 102 S.Ct. at 3080-81, 73 L.Ed.2d at 753. In the instant case, the officers' probable cause to believe that Langer's automobile contained contraband did not vanish with his arrest. The subsequent, more extensive search of the car was, therefore, permissible once the officers discovered marijuana in the car. See United States v. Rickus, 737 F.2d 360 (3d Cir.1984) (where officers saw, in plain view, objects which could have been burglary tools on floor and seat of car, they had probable cause to search car, including locked trunk); United States v. Whitley, 734 F.2d 994 (4th Cir.1984) (where officers had probable cause to search automobile, immediate warrantless search and subsequent warrantless station house search were both permissible), cert. denied, 474 U.S. 873, 106 S.Ct. 196, 88 L.Ed.2d 164 (1985). "In other words, the police may ordinarily do later what they could have done earlier, when the object is in police custody in the interim, for the intrusion upon privacy interests is the same." 3 La Fave, Search and Seizure § 7.2(d) (2d ed. 1987).
We accordingly reverse the trial court's order partially granting Langer's motion to suppress.
Reversed and remanded for further proceedings.