**UNITED STATES of America**

v.

**Kenneth ADAMS and Judith Adams.**

**No. 93–225–CR–T–25C.**

United States District Court,
M.D. Florida,
Tampa Division.

March 15, 1994.

Thomas M. Findley, Asst. U.S. Atty., Tampa, FL, for U.S.

Thomas L. Gacio, Tampa, FL, for Kenneth and Judith Adams.

## ORDER

ADAMS, District Judge.

Before the Court is Defendant's, Kenneth Adams, Motion to Suppress and Exclude Evidence Illegally Seized.[1] Upon consideration of the Motion to Suppress, the Government's Response to Motion to Suppress,[2] and the evidence and arguments of counsel presented at the hearing on the motion held on March 1, 1994, the Court grants the motion based on the following findings.

## I

On October 2, 1993, the Defendants were arrested by Special Agent Dennis L. Trubey of the Florida Department of Law Enforcement and Linda S. Perkins of the Florida Highway Patrol, pursuant to arrest warrants, outside of their motor home located in a "wooded area of a rural section of southern Suwanee County."[3] Once the Defendants were in custody and the area was secured, the police conducted an investigative inspection and inventory search of the entire contents of the motor home. Information obtained from this search revealed to police that Defendants leased several storage facilities because of "restrictive storage limitations of the [Defendants] living in a mobile recreational camper type vehicle."[4] Based upon this information, as elicited through Special Agent Trubey's affidavits, the police acquired warrants to search the Defendants' storage facilities.

The Defendants seek to suppress the evidence seized from their motor home as an illegal warrantless search of their home and the evidence discovered at the storage facilities under the "fruit of the poisonous tree" doctrine. The Government attempts to justify these searches under (1) the vehicle exception,[5] (2) search incident to lawful arrest[6] or (3) seizure as evidence of a crime and inventory search exception.[7] The Government added that if the search of the motor home was illegal, the subsequent searches of the storage facilities under search warrants were in good faith reliance on the magistrate's finding of probable cause.[8]

## II

Generally, a warrantless search based on probable cause is *per se* illegal, unless the government shows that it falls into one of the few limited and well-defined exceptions recognized by law. *U.S. v. Campbell*, 920 F.2d 793, 795 (11th Cir.1991); *U.S.*

---

1. Docket # 41. Co–Defendant, Judith Adams, adopted the Motion to Suppress and Exclude Evidence Illegally Seized at Docket # 49.

2. Docket # 51. The Government also filed a Supplement to Government's Previously Filed Response to Motion to Suppress at Docket # 52.

3. Affidavit for Search Warrant of Special Agent Dennis L. Trubey, Docket # 41, Exhibits # 5–7. Specifically, the motor home was located at Lot 13, Golden Chance Farms, County Road 57 in O'Brien, Suwanee County, Florida.

4. Affidavit for Search Warrant of Special Agent Dennis L. Trubey, Docket # 41, Exhibits # 5–7.

5. *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985).

6. *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990).

7. *U.S. v. Cooper*, 949 F.2d 737 (5th Cir.1991).

8. Government's Response to Motion to Suppress, Docket # 41 at n. 1. *See U.S. v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

*v. Alexander*, 835 F.2d 1406, 1408 (11th Cir. 1988). These exceptions include the vehicle exception, search incident to lawful arrest and seizure as evidence of a crime, and are asserted by the Government in this case.

 A warrantless search of a home is presumptively unreasonable, unless probable cause and exigent circumstances exist. *U.S. v. Forker*, 928 F.2d 365, 370 (11th Cir.1991). Exigent circumstances is the only exception to a warrantless search of a home. *U.S. v. Ladson*, 774 F.2d 436, 440 (11th Cir.1985). The exigency exception applies when the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action. *U.S. v. Lynch*, 934 F.2d 1226, 1232 (11th Cir.1991). Recognized circumstances where exigency exists include (1) hot pursuit of a suspect, (2) danger to an arresting officer or to the public, and (3) the risk of removal or destruction of evidence. *Id.; U.S. v. Satterfield*, 743 F.2d 827, 843–844 (11th Cir.1984). These circumstances must be such that they present a real and present danger to the police that the evidence or a suspect may be lost. *Forker*, 928 F.2d at 370.

## A. The Vehicle Exception

### 1. Generally

 A warrantless search of a vehicle is permitted where "(1) there is probable cause to believe the vehicle contains contraband or other evidence which is subject to seizure under the law, and (2) exigent circumstances necessitate a search or seizure." *Alexander*, 835 F.2d at 1409. The justifications for this rule are (1) to prevent vehicles from being easily moved from the jurisdiction to thwart detection efforts of law enforcement officers and (2) that passengers in vehicles have a lesser expectation of privacy. *Carney*, 471 U.S. at 392, 105 S.Ct. at 2070.

 In most cases, involving ordinary automobiles with easy access to public streets or highways, the requirement of exigency is satisfied by the ready mobility inherent in all automobiles that reasonably appear to be capable of functioning. *U.S. v. Nixon*, 918 F.2d 895, 903 (11th Cir.1990); *Alexander*, 835 F.2d at 1409. It is important

that these types of cases typically do not involve motor homes. They usually involve regular automobiles stopped or travelling on a public highway or road. The Government argues that ready mobility of the Defendants' motor home is sufficient exigency to justify this warrantless search under the vehicle exception. However, the vehicle exception should not be extended to a motor home which is objectively indicated by the circumstances as being used as a residence. *See Carney*, 471 U.S. at 392–394, 105 S.Ct. at 2070–2071; *U.S. v. Gooch*, 6 F.3d 673, 677 (9th Cir.1993) (citing *Carney*, 471 U.S. at 392, 105 S.Ct. at 2070) (vehicle exception only applies when a vehicle is on the open road or is capable of movement and is "in a place not regularly used for residential purposes—temporary or otherwise").

### 2. The Vehicle Exception Should Not Apply to a Motor Home Which is Objectively Indicated by the Circumstances Being Used as a Residence

 In *Carney*, the Supreme Court held that under certain circumstances a motor home falls within the vehicle exception because it involves concerns similar to those surrounding automobiles and other readily mobile vehicles. The Court emphasized that "[w]hen a vehicle is being used on the highways, or if it is readily capable of such use **and is found stationary in a place not regularly used for residential purposes—** temporary or otherwise—the two justifications for the vehicle exception come into play." *Carney*, 471 U.S. at 392–393, 105 S.Ct. at 2070 (emphasis added). The Supreme Court also stressed that:

> The exception has historically turned on the **ready mobility of the vehicle, and on the presence of the vehicle in a setting that objectively indicates that the vehicle is being used for transportation.** ... **These two requirements for application of the exception** ensure that law enforcement officials are not unnecessarily hamstrung in their efforts to detect and prosecute criminal activity, and that the legitimate privacy interests of the public are protected.

*Id.*, 471 U.S. at 394–395, 105 S.Ct. at 2070–2071 (emphasis added). Accordingly, in order to justify a warrantless search under the vehicle exception, the Government must establish both that (1) the vehicle was readily mobile and (2) it was located in a setting that objectively indicated it was being used for transportation. *Id.*

The Supreme Court recognized that extending the vehicle exception to motor homes would not be appropriate under some circumstances. Consequently, the Court left open such a possibility by stating:

> We need not pass on the application of the vehicle exception to a motor home that is situated in a way or place that objectively indicates that it is being used as a residence. Among the factors that might be relevant in determining whether a warrant would be required in such a circumstance is its location, whether the vehicle is readily mobile or instead, for instance, elevated on blocks, whether the vehicle is licensed, whether it is connected to utilities, and whether it has convenient access to a public road.

*Id.*, 471 U.S. at 395, 105 S.Ct. at 2071 n. 3. Thus, the vehicle exception should not apply to a motor home which is situated in such a way, or located in such a place, that objectively indicates it is being used as a residence. *Id.*; *Gooch*, 6 F.3d at 677 (9th Cir. 1993).

The *Carney* case involved the search of a motor home located in a public parking lot in downtown San Diego, California. It was clear in that case the vehicle was being used for transportation and not as a residence. Moreover, all other cases finding the vehicle exception applicable to a motor home involved vehicles which were being used for transportation purposes and which were not

present in a setting objectively indicating they were being used as residences.[9] The instant case is distinguishable from this line of cases.

Consider also *U.S. v. Holland*, 740 F.2d 878 (11th Cir.1984), *cert. denied*, 471 U.S. 1124, 105 S.Ct. 2654, 86 L.Ed.2d 271 (1985), where the Court held the searched motor homes were being used solely for transportation and were subject to the vehicle exception where the Defendants rented motel rooms during their travels, parked their motor homes in commercial parking lots, had no personal living effects therein and were stopped while in transit on the highway. The 11th Circuit suggested that:

> [t]he use of a vehicle, not its shape, should control the standard that applies. As an analogy, the extent that there may be different Fourth Amendment standards for a home and a business would not depend upon whether the business was in a building that looked like a home. The difference in standards is based on the reduced expectation of privacy in a business.

*Id.* at 880.

### 3. *Application of the Vehicle Exception to the Instant Case*

■ Again, to justify a warrantless search or seizure under the vehicle exception, the Government must establish that (1) probable cause existed to believe the vehicle contained contraband or other evidence which is subject to seizure under the law, (2) the vehicle was readily mobile, and (3) it was located in a setting that objectively indicated it was being used for transportation. *Carney*, 471 U.S. at 394, 105 S.Ct. at 2070–2071; *Forker*, 928 F.2d at 368.

This motor home was located in a rural area on a private wooded lot owned by the

9. *See U.S. v. Hamilton*, 792 F.2d 837, 843 (9th Cir.1986) (search of motor home fell within scope of vehicle exception where mobile home was moved the night before, was licensed in California, and was located in a residential driveway having easy access to public road); *U.S. v. Markham*, 844 F.2d 366, 369 (6th Cir.1988) (vehicle exception applied where motor home was parked in a private driveway connected to a public street and no utility lines were connected to motor home; *U.S. v. Ervin*, 907 F.2d 1534, 1538–1539 (5th Cir.1990) (warrantless search of

a camper-trailer was proper where trailer was parked in a motel parking lot and not in a place regularly used for residential purposes, the Defendant was not using the trailer as a home, and trailer was readily mobile. *See also U.S. v. Hill*, 855 F.2d 664, 668 (10th Cir.1988) (warrantless search of houseboat fell within vehicle exception where, although capable of functioning as a home, houseboat was readily mobile, not present in setting objectively indicating it was being used as a residence, and was seen traveling up and down the lake the night of search).

Defendants. An electric generator was operating at the time of this arrest. Additionally, other motor vehicles used for transportation purposes were located on the property. The Defendants' personal effects, including clothing and food items, were located in the motor home. Moreover, the motor home contained a kitchenette, sink, bed, sofa and a dining room table. Finally, there was no convenient or easy access to a public road from where the motor home was located.

The Court finds that probable cause did exist that the motor home contained evidence of a crime. However, although readily mobile because of its inherent ability to function, the instant vehicle was so situated that an objective observer would conclude that it was not being used for transportation, but as a residence. Accordingly, the vehicle exception does not justify the instant warrantless search.

Further, the justification for the vehicle exception—that passengers of vehicles have a reduced expectation of privacy—is not present in this case. The Court finds that the motor home was being used as the residence of the Defendants.[10] The Defendants held a reasonable expectation of privacy more akin to that present in an ordinary home, as opposed to an automobile stopped or traveling along a public thoroughfare. Therefore, exigent circumstances was the only exception to a warrantless search of this motor home. *See Ladson,* 774 F.2d at 440.

**B.** *Search Incident to a Lawful Arrest or Protective Sweep Exception*

The Government attempts to justify the inventory search of the Defendants' home under the exception which allows for a search of the surrounding area contemporaneously with the lawful arrest of the Defendants. The Court is not persuaded by this position.

Incident to an arrest the police may, as a precautionary matter and without probable cause, look into closets and other spaces immediately adjoining the place of arrest from which an attack could immediately be launched. *Maryland v. Buie,* 494 U.S.

325, 334, 110 S.Ct. 1093, 1098, 108 L.Ed.2d 276 (1990); *U.S. v. Delgado,* 903 F.2d 1495, 1502 (11th Cir.1990). Searches beyond that must be supported by articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to the arrest scene. *Id.* The Supreme Court emphasized that:

> "such a protective sweep, aimed at protecting the arresting officers, if justified by the circumstances, is nevertheless not a full search of the premises, but may extend only to a cursory inspection of those spaces where a person may be found. The sweep lasts no longer than is necessary to dispel the reasonable suspicion of danger and in any event no longer than it takes to complete the arrest and depart the premises."

*Buie,* 494 U.S. at 335, 110 S.Ct. at 1099.

Exigent circumstances may also arise, justifying a warrantless search of a home, when the facts would lead a reasonably experienced agent to believe that evidence might be destroyed or removed before a warrant could be secured. *U.S. v. Rodgers,* 924 F.2d 219, 222 (11th Cir.1991). However, there should exist a present and real danger that the suspect or evidence may be lost in order to search the home without a warrant. *Forker,* 928 F.2d at 370. The Defendants were arrested outside of their motor home. Thus, under the search incident to lawful arrest or protective sweep exception, the officers were entitled to search:

(1) any spaces immediately adjoining the place of arrest from which an attack could immediately be launched; and

(2) any area, supported by articulable facts, which would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to the arrest scene or to evidence sought.

Here, the police did not have reason to believe, based on articulable facts, that the motor home harbored any individuals other than the Defendants which posed a threat to the arrest scene. However, even assuming

---

**10.** The Defendants had purchased a more permanent trailer to be placed on the lot. However, until its arrival the motor home was serving as the residence of the Defendants.

they had authority to sweep the inside of the motor home, that search could last "no longer than is necessary to dispel the reasonable suspicion of danger and in any event no longer than it takes to complete the arrest and depart the premises." *Buie,* 494 U.S. at 335, 110 S.Ct. at 1099. "An arrest within a home does not provide a license for the police to search the entire residence for evidence." *Satterfield,* 743 F.2d at 845. The search of this motor home, after all occupants had been taken into custody, extended beyond that authorized under the circumstances. No immediate threat of harm, or fear that evidence will be destroyed or removed, existed once the Defendants were in custody and the officers conducted a cursory sweep of the inside of the motor home. Thus, any exigent circumstances present had ceased to exist at the time of the inventory search. Accordingly, the inventory search was not justified under the search incident to a lawful arrest or protective sweep exception to the warrant requirement.

## C. Search as Evidence of a Crime and Inventory Search

 The Government contends that since the officers had probable cause to seize the motor home as evidence of a crime, the inventory search was justified. The Government cites to *U.S. v. Cooper,* 949 F.2d 737, 746–47 (5th Cir.1991) to support this proposition. This argument is unpersuasive and inconsistent with the application of the vehicle exception provided in *Carney.* The seizure of a motor home as evidence of a crime is only consistent with the vehicle exception when both requirements of *Carney* are satisfied (ready mobility and location of vehicle in place not regularly used for residential purposes).

Indeed, the *Cooper* case provides that: [P]robable cause alone suffices to justify seizing a vehicle **on a public street.** As a warrant is not required when the police have probable cause to believe the car contains evidence of crime, there is little sense in requiring a warrant before seizing a car when the police have probable cause

to believe the car itself is such evidence or is an instrument of a crime. Therefore, we hold that the police may seize a car from a public place without a warrant when they have probable cause to believe that the car itself is an instrument or evidence of a crime.

*Id.* (emphasis added). The principles enunciated in *Cooper,* clearly do not apply to the instant case where the motor home was being used as a residence and was located on private property in a rural setting.

 Furthermore, when the privacy of the home is involved, "there is only one type of case in which a warrant is not required. Because, the protection of private dwellings lies at the very heart of the fourth amendment, 'only exigent circumstances will justify a warrantless intrusion into a home.'" *See Ladson,* 774 F.2d at 440. Absent exigent circumstances, the Government must obtain a warrant to inspect and conduct an inventory search of a seized house. *Id.* Therefore, the inventory search of a motor home being used as a residence is not valid as a search as evidence of a crime.

## D. Good Faith Exception to the Exclusionary Rule

 The Government suggests that the police officers' execution of the search warrants on the storage facilities is valid since such was in good faith reliance on the magistrate's finding of probable cause. Therefore, the evidence obtained from those locations should not be suppressed. *U.S. v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Government's position lacks merit and is not supported by any persuasive authority.

 The Government correctly recites the general rule first recognized in *Leon,* that the good faith exception to the exclusionary rule keeps evidence from being suppressed when law enforcement officers obtain evidence through objective good faith reliance on a facially valid warrant that is later found to be invalid. *Id.,* 468 U.S. at 920, 104 S.Ct. at 3419.[11] The Government

---

**11.** The good faith exception does not apply to allow in evidence obtained on an invalid warrant

where: (1) the issuing magistrate or judge was misled by information in an affidavit that the

omitted from the analysis that suppression of evidence obtained pursuant to a warrant can be ordered where exclusion will further the purposes of the exclusionary rule. *Id.,* 468 U.S. at 918, 104 S.Ct. at 3418. The purposes of the rule are to deter police misconduct and encourage the law enforcement profession to conduct itself in accordance with the Fourth Amendment.

The 11th Circuit explained the application of the good faith exception to the exclusionary rule.

[T]he proper test is whether the officer acted in objective good faith under all the circumstances. The focus in *Leon* is on the officer. "[The] officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable...." *Leon,* 468 U.S. at 922, 104 S.Ct. at 3420. The "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances ... may be considered." *Id.* at 922 n. 23, 104 S.Ct. at 3420 n. 23.

*U.S. v. Taxacher,* 902 F.2d 867, 871 (11th Cir.1990), *cert. denied,* 499 U.S. 919, 111 S.Ct. 1307, 113 L.Ed.2d 242 (1991).

The good faith exception does not apply here. The police in this case conducted a warrantless illegal search of the Defendants' motor home. There were no exigent circumstances present to justify the inventory search. Subsequently, based upon information obtained from the motor home, the police were issued warrants to search certain storage facilities which led to the discovery of more evidence. To suppress this evidence furthers the purposes of the exclusionary rule. It will deter police from searching without a warrant a motor home which is objectively indicated by the circumstances being used as a residence. Furthermore,

suppression of this evidence will encourage the law enforcement profession to conduct itself in accord with the Fourth Amendment, including the proper application of the vehicle exception to the warrant requirement.

It cannot be determined that the officers in this case acted in objective good faith. The officers' reliance on the judges' probable cause determinations supporting the search warrants were not reasonable. The same officers that conducted the warrantless search of the Defendants' motor home, applied for and executed such warrants. A reasonable well trained officer would have known that the searches were improper despite the Judges' authorizations. Accordingly, the good faith exception to the exclusionary rule does not apply here.

None of the exceptions asserted by the Government justify the warrantless search of the Defendants' motor home or subsequent searches of the Defendants' storage facilities. Accordingly, the evidence listed in the Defendants' motions was illegally obtained and is suppressed.

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that

1. The Defendants' Motions to Suppress and Exclude Evidence Illegally Seized are **GRANTED.**

**DONE AND ORDERED.**

---

affiant knew was false or, would have known was false except for his reckless disregard of the truth; (2) the issuing magistrate wholly abandoned his judicial role; (3) the warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and (4) where the warrant issued is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid. *Id.* 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d 677.