505 So.2d 1314 (1987)
Edward Robert WASKO, Appellant,
v.
STATE of Florida, Appellee.
No. 65547.
Supreme Court of Florida.
March 5, 1987.
Rehearing Denied May 18, 1987.
*1315 Barry A. Weinstein, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Edward Wasko appeals his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and affirm his conviction. Because we find that the trial court improperly overrode the jury's recommendation of life imprisonment, however, we vacate the death sentence and remand for imposition of a sentence of life imprisonment with no possibility of parole for twenty-five years.
On October 14, 1982 Marvin Weinstein returned home and found the body of his ten-year-old daughter on her blood-covered bed. A police investigation established that a Stanley Steemer carpet cleaning truck had been in the neighborhood the afternoon of the murder. The investigation eventually centered on John Pierson, a Stanley Steemer employee. Wasko, another Stanley Steemer employee, had been working with Pierson the day of the murder. Sometime after the murder Wasko left Miami and returned to Ohio. Metro-Dade police, believing Wasko to be a material witness, went to Ohio to interview him. After two days of questioning, Wasko confessed to being involved in the homicide. In September 1983 the state indicted both Wasko and Pierson for first-degree murder. Pursuant to a plea agreement, Pierson pled guilty to second-degree murder, burglary while armed, and attempted capital sexual battery. Wasko, on the other hand, went to trial, and the jury convicted him of first-degree murder, burglary with a firearm, and attempted sexual battery.[*] Although the jury recommended life imprisonment, the trial court sentenced Wasko to death.
As his first point on appeal, Wasko claims that the trial court erred in denying his motion to suppress his confessions because they had been coerced. According to Wasko, the coercion consisted of prolonged and relentless questioning which occupied twenty-one hours of a thirty-nine-hour period of time, the denial of solid food and sufficient breaks during that questioning, and psychological ploys used by the questioners. According to the state, however, Wasko spoke with the investigators voluntarily at all times, was told that he could stop the questioning whenever he wished, specifically requested that he be allowed to return for more questioning, refused offers of breaks and food, and never complained about his treatment. The trial court held a *1316 hearing on this suppression issue and decided that Wasko had confessed voluntarily.
A trial court ruling comes to a reviewing court with a presumption of correctness. Stone v. State, 378 So.2d 765 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980). Moreover, a reviewing court should not substitute its judgment for that of a trial court, but, rather, should defer to the trial court's authority as a factfinder. DeConingh v. State, 433 So.2d 501 (Fla. 1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). On the totality of the circumstances we hold that the trial court properly found Wasko's confessions to have been made voluntarily and that, therefore, they were admissible. Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981).
Wasko also claims that the state violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by not disclosing, prior to trial, the details of discussions between the state attorney's office and a police detective as to when Wasko should be arrested and between the state attorney's office and Stanley Steemer's attorney in Ohio relative to Florida law on perjury and firearms offenses. The defense became aware of these discussions during testimony of the state's witnesses. Upon defense objection the trial court removed the jury and discussed the matter with counsel for both sides. When defense counsel moved for a mistrial based on Brady, the court deferred ruling on that motion until counsel could research the matter and recessed for the day so that the research could be done. The following day the court again heard the parties and then denied the motion.
Brady requires disclosure only of evidence that is both favorable to the accused and "material either to guilt or to punishment." 373 U.S. at 87, 83 S.Ct. at 1196. However, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481 (1985). We see no way that such would have occurred in the instant case if the defense had known of these conversations. We agree with the state that no Brady violation occurred.
As a theory of defense, Wasko claimed that Pierson committed the homicide. Pierson, as previously noted, pled guilty to second-degree murder, and the state did not call him as a witness at Wasko's trial. The defense, however, did call Pierson as a witness and requested that the court declare Pierson an adverse witness or else make him a court witness. The court refused to rule on these requests immediately, but part way through Pierson's testimony declared him to be an adverse witness. Wasko now argues that the court erred by not making Pierson a court witness.
A court may call as its own a witness whom all parties may cross-examine. § 90.615, Fla. Stat. (1985). Calling such a court witness, however, rests within the trial court's discretion. Brumbley v. State, 453 So.2d 381 (Fla. 1984). Although the court did not make Pierson its own witness, it did declare him an adverse witness, thereby allowing the defense to place his credibility in doubt by attempting to impeach his testimony. § 90.608(2), Fla. Stat. (1985). Wasko has demonstrated no abuse of discretion here.
As a separate point concerning Pierson, Wasko claims that the trial court also erred by not allowing the defense to elicit the specific terms of Pierson's plea agreement with the state. The trial judge specifically refused to allow questioning as to the terms of Pierson's plea agreement because he considered that agreement irrelevant to the issue of Wasko's guilt. If Pierson had been the state's witness, the terms of the plea agreement might have been admissible to show bias or motive. Pierson, however, testified as Wasko's witness, not the state's. We agree that Pierson's plea agreement was irrelevant in this instance and hold that Wasko has failed to show an *1317 abuse of the trial court's discretion. Welty v. State, 402 So.2d 1159 (Fla. 1981).
As yet another point regarding Pierson, Wasko claims that the court erred in denying his attempt to show the jury that Pierson had committed sexual battery on a young woman several weeks after the instant homicide. Collateral crime evidence is generally admissible when such testimony tends to prove any of the issues properly before the court. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Relevancy is the issue, however, and we agree with the trial court that the crime sought to be introduced is so dissimilar from the instant crime as to be irrelevant and, therefore, inadmissible. Drake v. State, 400 So.2d 1217 (Fla. 1981).
Wasko also argues that the prosecutor made improper prejudicial comments during closing argument and that the prosecutor improperly vouched for the state's witnesses. Our review of the record discloses that the complained-of comments were not of such a nature as to poison the minds of the jurors or to influence the jury to return a more severe verdict than otherwise warranted. Blair v. State, 406 So.2d 1103 (Fla. 1981). Wasko has demonstrated no abuse of discretion on this point. See Teffeteller v. State, 439 So.2d 840 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 754 (1984). Regarding the prosecutor's "vouching" for witnesses, Wasko did not object to that comment and, therefore, failed to preserve this issue for appeal. Clark v. State, 363 So.2d 331 (Fla. 1978).
The trial court allowed a witness for the state to testify as to a conversation Pierson had with Wasko in that witness' presence. Wasko now argues that the witness' testimony constituted inadmissible hearsay. After reviewing the record, we find no reversible error in the admission of this testimony.
Relying on Grigsby v. Mabry, 758 F.2d 226 (8th Cir.1985), Wasko claims that the trial court improperly excused two prospective jurors for cause. The United States Supreme Court recently reversed Grigsby in Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), and we find no error on this point.
The jury recommended that Wasko be sentenced to life imprisonment. The trial court, however, sentenced Wasko to death, finding that the aggravating circumstances (previous conviction of violent felony, committed during felony, committed to avoid or prevent arrest, and heinous, atrocious, or cruel) outweighed the mitigating circumstance (no prior criminal history). Wasko now argues that the trial court did not apply Tedder v. State, 322 So.2d 908 (Fla. 1975), correctly when it overrode the jury's recommendation.
Before addressing the jury override, however, we will consider the aggravating circumstance of previous conviction of violent felony in light of the mitigating circumstance of no significant history of prior criminal activity. These two circumstances are mutually exclusive. It would be illogical to find no significant prior history when there has been a prior conviction of another capital felony or a felony involving the use, or threat, of violence to a person. Such a conviction, by the nature of the crime, would be significant. In this case, however, we find that the trial court improperly found the aggravating, rather than the mitigating, circumstance.
Contemporaneous convictions prior to sentencing can qualify as previous convictions of violent felony and may be used as aggravating factors. Johnson v. State, 438 So.2d 774 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); King v. State, 390 So.2d 315 (Fla. 1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981); Lucas v. State, 376 So.2d 1149 (Fla. 1979). These cited cases, however, involved multiple victims in a single incident or separate incidents combined in a single trial. E.g., Johnson (attempted murder of deputy while fleeing from scene of robbery/murder); King (attempted murder during escape several hours after robbery/murder); Lucas (single incident resulting in murder of one victim and attempted murder of two *1318 others). In this case, on the other hand, the trial court depended on Wasko's contemporaneous conviction of attempted sexual battery upon the murder victim to find prior conviction of violent felony in aggravation. This case, therefore, is factually distinguishable from other cases where a contemporaneous conviction has been found to be proper support for this aggravating factor. Conversely, although the court erred in finding prior conviction in aggravation, finding no significant criminal history in mitigation was proper because Wasko had no previous criminal record. We therefore strike the court's finding previous conviction of violent felony in aggravation.
Turning back to the jury override, we agree with Wasko's contention. According to Tedder, "to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." 322 So.2d at 910. Moreover, "a jury's advisory opinion is entitled to great weight, reflecting as it does the conscience of the community, and should not be overruled unless no reasonable basis exists for the opinion." Richardson v. State, 437 So.2d 1091, 1095 (Fla. 1983). The jury and the trial court relied on the same facts in this case. The killing of a child is especially despicable. On the other hand, Wasko had no significant prior history of criminal activity and presented testimony of his good character, good employment record, and a good family background. Moreover, the jury may have questioned the respective roles of Wasko and Pierson in this homicide. These factors gave the jury a reasonable basis for recommending life imprisonment. Therefore, we find that the Tedder standard has not been met and that the trial court improperly overrode the jury's recommendation.
Wasko's convictions are affirmed, but his death sentence is vacated and the trial court is directed to resentence him to life imprisonment with no possibility of parole for twenty-five years. The concurrent sentences imposed for Wasko's other convictions (life imprisonment for burglary while armed and a suspended sentence for attempted sexual battery) may have been part of an overall sentencing scheme, with the death penalty playing an important role in that scheme. Because we have determined that Wasko should not be sentenced to death, the trial court may wish to revisit the sentences for the other convictions.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, J., concurs specially with an opinion.
ADKINS, J. (Ret.), concurs in the conviction, but dissents from the sentence.
EHRLICH, Justice, specially concurring.
Death penalty cases are never easy and nice. This one is particularly gut wrenching to me.
The trial judge is to be commended for his sentencing order. It is detailed in its analysis and obviously well thought out. He weighed and balanced the aggravating and mitigating factors and it is clear to me that he anguished over his decision. That there should be an override of the jury recommendation of life imprisonment, was not an easy decision for him.
The defendant's depravity as shown by his confessions is complete. He is a Jekyll and Hyde and should never be permitted to return to an open society. The evidence established that he was a totally upright, hard working, conscientious, young man who had never before run afoul of the law. The jury found that he committed a heinous, repulsive, senseless crime, totally out of character. He became a monster whose bestiality is utterly revolting. Although the jury recommended that defendant should not receive the death penalty, and I agree for the reasons articulated in the Court's opinion, he should never again be given the opportunity to revert to his dark side. The imposition of a sentence which makes him eligible for parole in twenty-five years is inadequate. If his sentences for *1319 burglary and attempted capital sexual battery were made consecutive to his mandated life sentence, defendant may never be able to walk the streets again and the interests of society will have been served without the taking of his life by electrocution. Anything less will, in my opinion, be utterly inadequate.
NOTES
[*] Wasko's challenges to the additional convictions rest solely on the same grounds he raises on the murder convictions.