505 So.2d 579 (1987)
Gladys Carol HUTCHINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1961.
District Court of Appeal of Florida, Second District.
April 8, 1987.
Marshall G. Slaughter, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The defendant appeals pursuant to a plea of nolo contendere to drug charges in which she reserved the right to review by this court of the denial of her motion to suppress. We reverse.
We are mindful that the ruling of a trial judge comes to this court with a presumption of correctness and this court should not substitute its judgment for that of the trial judge, but, rather, should defer to the trial judge's authority as a fact-finder. Wasko v. State, 505 So.2d 1314 (Fla. 1987). Nevertheless, we have concluded that the trial judge erred in approving the warrantless search which produced the evidence against the defendant in this case.
*580 The chain of events culminating in the search began when the assistant manager of a supermarket, Jerry Geisler, observed the defendant shopping in the store using a shopping cart. Geisler testified that his suspicions were aroused by the fact that the defendant had an unusually large purse lying in the cart. He described it as like a small airline bag, two feet across and six or eight inches wide. Continuing to observe the defendant while she shopped, Geisler became convinced that the defendant was engaged in shoplifting and called the police. When Officer Jerbie Bryan arrived in response to Geisler's call, the defendant had not yet left the store. Bryan advised Geisler to go back inside the store and when the defendant exited, to follow her. Meanwhile, Bryan remained in the parking lot and waited. The defendant exited the store pushing a grocery cart containing her purchases, followed by Geisler. Geisler pursued the defendant to her car while Officer Bryan pulled his patrol car up to the defendant's car. Geisler indicated to Officer Bryan that the defendant was removing articles from her purse and hiding them underneath the seat of her car.
Bryan testified that he walked up to the defendant's car and advised her that she was suspected of shoplifting, which she vehemently denied. Officer Bryan said that "we" requested to look in her handbag and that she "just started taking stuff out." He further testified that there were little zip-up bags, cloth bags, in the large bag and that the defendant would open some of these small bags and others she would not, laying these aside. During this process, Sergeant Robert Walker drove up and started observing what was going on. When the defendant completed the process of emptying her handbag and opening some, but not all, of the small bags, Officer Bryan said "now, let's go back and open all of them." He said the defendant picked up one particular small bag and unzipped it and zipped it back up real quick. Sergeant Walker's interest focused on that bag and he asked the defendant what was in it. She would unzip it and zip it back up. Sergeant Walker asked her a couple more times "what's in the container in the bag?" The defendant said nothing; she just handed the bag to Sergeant Walker. When Walker opened up the bag he found that it contained a white substance. Officer Bryan was then reminded of seeing a jar in another bag and he went back and looked in that bag again. Upon further examination, Officer Bryan found a white substance in that bag also. The defendant's motion to suppress was directed to this evidence, which she claimed was the product of an unreasonable search of her bag.
The state argues on this appeal that the search was permissible because the defendant consented to it.[1] Of course, a search conducted pursuant to a valid consent is constitutionally permissible. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). But when the state seeks to rely upon consent to justify the lawfulness of a search, the state has the burden of proving that the consent was, in fact, freely and voluntarily given. The essence of consent in this context is voluntariness and voluntariness is a question of fact to be determined from all the circumstances. Schneckloth. As this court has put it, for consent to be found, the state must demonstrate by clear and convincing evidence that a defendant freely and voluntarily agreed to a search and that his agreement was not the product of a mere acquiescence in the apparent authority of the police to conduct a search. Hunt v. State, 371 So.2d 205 (Fla. 2d DCA 1979). See also Correa v. State, 389 So.2d 1204 (Fla. 3d DCA 1980); Major v. State, 389 So.2d 1203 (Fla. 3d DCA 1980); Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978).
The witnesses at the suppression hearing consisted of Mr. Geisler, Officers Bryan and Walker, and the defendant. There was no testimony as to any words spoken by the defendant during the entire episode other than her initial denial of the *581 accusation that she had been shoplifting.[2] Thus, consent to the search could only be established by testimony of a nonverbal gesture on the part of the defendant which could reasonably be interpreted as consent. With respect to the initial opening of her purse and revealing its contents, we think it is arguable that this gesture could be interpreted as consent in response to the request of the officers that they be permitted to see what was in the defendant's purse. But that consent did not automatically extend to the contents of the small unopened bags within the purse. What is included within the scope of a consent to search is determined by the totality of the circumstances. Wells v. State, 492 So.2d 1375 (Fla. 5th DCA 1986).
The testimony clearly shows that the defendant was at least reluctant, if unwilling, to open all the small zipped-up bags in her purse. Officers Bryan and Walker both testified that Sergeant Walker's suspicions were aroused regarding one small zipped-up bag because of that very reluctance or unwillingness on the part of the defendant. Both Officer Bryan and Sergeant Walker testified that Walker asked the defendant more than once to let him see what was in that particular bag. Officer Bryan said Sergeant Walker asked the defendant several times what was inside that particular unzipped bag. He said "then, you know, she didn't say nothing; finally she just handed it to Sergeant Walker, which he unzipped and found the substance in it."
These circumstances simply do not support the conclusion that the defendant freely and voluntarily agreed to the search of the small zipped-up bag in which the white powder was found. The officers' perfectly proper request that they see the contents of the defendant's purse escalated to a level of insistence when directed to the specific small zipped-up bag, and that insistence was triggered by the defendant's obvious reluctance to reveal the bag's contents. We do not believe that the defendant's action in silently handing that bag over to Sergeant Walker can reasonably be interpreted as a free and voluntary consent to search.
Accordingly, we reverse.
RYDER and SCHOONOVER, JJ., concur.
NOTES
[1] As a fall-back argument, the state contends the search should be upheld because the officers had probable cause to believe that the small zipped bags contained narcotics. We reject that argument as completely unsupported by the record.
[2] Further investigation revealed that the defendant had not in fact engaged in shoplifting and she was never charged with any offense related to shoplifting.