557 So.2d 179 (1990)
The STATE of Florida, Appellant,
v.
Sandra HAMMONDS, Appellee.
No. 88-696.
District Court of Appeal of Florida, Third District.
February 20, 1990.
Robert A. Butterworth, Atty. Gen. and Michele L. Crawford, Asst. Atty. Gen., for appellant.
John Lipinski, Miami, for appellee.
Before BARKDULL and BASKIN, JJ., and JOSEPH P. McNULTY, Associate Judge.
PER CURIAM.
Following a railroad platform encounter the appellee gave a law enforcement officer permission to search her luggage consisting of two pieces. He first searched a "tote bag". As he was finishing searching the "tote bag", the appellee opened the second piece of luggage, a suitcase, and started to go through it. She withdrew without comment when the officer told her he would rather search it himself. Subsequently she stated she did not want the officer to search the second piece of luggage because it contained her underwear. This was a withdrawal of her consent to a search and her silence thereafter could not be construed as continued permission.[1]Correa v. State, 389 So.2d 1204, 1205 (Fla. 3d DCA 1980), review denied, 399 So.2d 1146 (Fla. 1981); Major v. State, 389 So.2d 1203 (Fla. 3d DCA 1980), review denied, 408 So.2d 1095 (Fla. 1981); see also Hutchinson v. State, 505 So.2d 579 (Fla. 2d DCA 1987). In its supplemental order, the trial court stated:
"The Court still holds that the initial encounter was permissible. The Court *180 finds that the defendant consented to the search of the first bag (p. 14). After searching the tote bag, Officer Facchiano did not want the defendant to go through the second bag herself. Detective Facchiano then asked her if it was okay if he did the searching and the defendant said nothing. (p. 13) Detective Facchiano was concerned for his safety due to the location of the search, a train station rather than an airport with security detectors. The detective found a plastic bag secreted in the clothing within the bag.
The defendant's silence cannot be construed as an unlimited consent to look into her undergarments where the cocaine was secreted."
The trial court's decision is affirmed.
Affirmed.
NOTES
[1] There is no contention that the officer had probable cause to believe the appellee was engaged in unlawful conduct.