576 So.2d 790 (1991)
STATE of Florida, Appellant,
v.
Peggy J. STREGARE, Appellee.
No. 90-01022.
District Court of Appeal of Florida, Second District.
March 1, 1991.
Rehearing Denied April 4, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell E. Edwards, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellee.
PARKER, Judge.
The state appeals a trial court order which granted a motion to suppress cocaine seized during a police stop. We reverse, concluding that the police were justified in seizing and searching the container in which the cocaine was concealed.
The evidence presented to the trial court was as follows. Officers Cooke and McTavish of the St. Petersburg Police Department were assigned to the area of Southview Apartments to crack down on street-level drug activity. The officers knew this area was known for heavy drug activity, because the police had made thirty to forty narcotics arrests at that apartment complex. Another officer advised Cooke via radio that a white female, later identified as Stregare, had exited a vehicle and gone over to the center area of Southview Apartments, which was an all-black complex. Stregare then returned to the vehicle, *791 and the vehicle left the area at an excessive rate of speed without its headlights on. Cooke, using binoculars, spotted the vehicle heading toward him. After the car passed him, Cooke followed and stopped the vehicle. Both occupants of the car were white. As the officers approached the vehicle, they noticed Stregare, a passenger in the automobile, observing them and appearing very nervous. While Cooke was asking the driver for his license, Stregare attempted to pass a pack of cigarettes to the driver; however, the driver did not want the pack and pushed them away. Cooke testified that based on his experience he knew that cigarette packages frequently were used to conceal controlled substances. Cooke noted that the vehicle ashtray was clean, which led him to believe that the driver was probably a nonsmoker. McTavish requested Stregare to give him possession of the cigarettes. Stregare looked at the officer in a dazed or confused manner, and McTavish repeated his request. Stregare handed the package to McTavish, and McTavish found one rock of cocaine in the package.
The state argues that Stregare consented to the search of the cigarette pack where the officer found cocaine or, alternatively, that the officers had probable cause to believe that the cigarette pack contained illegal drugs and, hence, were justified in seizing and searching the package. As to the state's first position, it is a fair inference from the evidence that the police did not obtain the package by consent. The officer "requested" the cigarette pack two times and, upon receiving no reply, put his hand out as if to say "hand it over." The record supports the trial court's conclusion that Stregare did not relinquish the cigarette pack voluntarily and merely acquiesced to authority.
We, however, agree with the state's alternative position that the officers had probable cause to believe that the package contained illegal drugs. The case of P.L.R. v. State, 455 So.2d 363 (Fla. 1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985), which is factually similar to the instant case, lends support to our conclusion. In P.L.R., an officer observed a small manila envelope in the defendant's pocket at a known drug transaction site. The officer knew that manila envelopes were commonly used in that area to hold marijuana. The supreme court held that these facts provided probable cause to arrest and conduct a search incident to that arrest. Another case which supports our holding in the instant case is State v. Ellison, 455 So.2d 424 (Fla. 2d DCA 1984). In Ellison, an officer observed a rolled up, clear plastic baggie containing several flat, irregularly shaped pieces of tin foil in the defendant's waistband of his trousers. The officer knew that the area was a site frequently used for street-level narcotics transactions and that the type of packaging was consistent with the way narcotics are commonly packaged and sold. This court found probable cause to believe that the package contained narcotics. See also State v. Casey, 528 So.2d 1264 (Fla. 1st DCA 1988) (probable cause based on the following facts: narcotics area; defendant looked startled; plastic bag sticking out of pocket; officer knew plastic bags were commonly used to package narcotics); Skelton v. State, 349 So.2d 193 (Fla. 3d DCA 1977) (probable cause based on the following facts: officer observed defendant receiving a stack of manila envelopes; officer knew envelopes often used to distribute drugs).
In this case, the following facts are relevant to the probable cause determination. The officer observed two white persons drive to an apartment complex which was 100% black and known as a heavy drug transaction area; Stregare exited the vehicle and went to the center of the complex and then returned to the vehicle; the vehicle in which Stregare was the passenger left the complex at an excessive rate of speed and traveled six blocks with its lights off. When the officer stopped the vehicle, Stregare appeared very nervous and kept trying to pass a cigarette pack to the driver who refused to take it; the officer observed that the driver was probably a nonsmoker because the ashtray was clean; Stregare appeared dazed and confused; the officer personally had seen contraband hidden *792 in a cigarette pack numerous times and knew that that method of concealment was very common in that area of St. Petersburg. Based on the totality of the circumstances, viewed in light of the officers' knowledge and experience, there was probable cause to believe that the cigarette pack contained illegal drugs and, therefore, probable cause to seize and search the pack.
Reversed and remanded for proceedings consistent with this opinion.
RYDER, A.C.J., and THREADGILL, J., concur.