643 So.2d 70 (1994)
Ray JIMENEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02179.
District Court of Appeal of Florida, Second District.
September 30, 1994.
*71 James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
FULMER, Judge.
The defendant appeals the denial of his motion to suppress cocaine found in a cigarette pack during a pat-down search by an off-duty police officer at the entrance to a dance. We reverse because, although the defendant initially consented to the pat-down search, he withdrew that consent before the officer opened the cigarette pack.
On December 20, 1992, Officer Daisey was working at the National Guard Armory where a dance was being held. He testified that he was wearing his uniform and was stationed just inside the door to the armory. His job was to pat down people attending the dance to be sure that they were not carrying weapons or anything illegal such as drugs. The officer testified that, because many of the people attending the dance did not speak English, he would hold his hands out to the side as he approached each person to indicate that he was going to conduct a pat-down search. As the defendant approached the checkpoint, the officer used this gesture. He thought that the defendant understood his intention because the defendant raised his arms. During the search, the officer discovered two cigarette packs in the defendant's shirt pocket. The officer removed the packs from the pocket because he suspected that the defendant might be concealing something illegal. One pack was still sealed, and the other had been opened. As the officer was removing the packs from the pocket, the defendant grabbed his hand. The officer removed the defendant's hand and returned the sealed pack to the pocket. According to the officer, the other cigarette pack did not feel "normal," so he attempted to look inside. The defendant again grabbed the officer's hand. The officer removed the defendant's hand, looked inside the pack, and saw white powder which later tested positive for cocaine.
The defendant filed a motion to suppress the cocaine, claiming that the search of the cigarette pack was illegal. The trial court found that the defendant consented to the search and denied the motion. The defendant pleaded no contest to the charge of possession of cocaine, reserving his right to appeal the ruling on the motion to suppress. We reverse.
The motion to suppress should have been granted because, although the defendant initially consented to the pat-down search, he did not consent to a search of the cigarette packs. This case is similar to Hutchinson v. State, 505 So.2d 579 (Fla. 2d DCA 1987), in which an officer asked the defendant, who was suspected of shoplifting, for permission to search her purse. The defendant began taking items, including smaller bags, out of her purse. She opened some of the smaller bags and did not open others. The officer asked her to open up the other bags. With one small bag, the defendant unzipped and then zipped it up again quickly, repeating that process several times as the officer continued to ask her what was in the bag. The defendant said nothing, but finally handed *72 the small bag to the officer. The bag contained cocaine. In reversing the trial court's denial of a motion to suppress the cocaine, this court said.
There was no testimony as to any words spoken by the defendant during the entire episode other than her initial denial of the accusation that she had been shoplifting. Thus, consent to the search could only be established by testimony of a nonverbal gesture on the part of the defendant which could reasonably be interpreted as consent. With respect to the initial opening of her purse and revealing its contents, we think it is arguable that this gesture could be interpreted as consent in response to the request of the officers that they be permitted to see what was in the defendant's purse. But that consent did not automatically extend to the contents of the small unopened bags within the purse... .
The testimony clearly shows that the defendant was at least reluctant, if [not] unwilling, to open all the small zipped-up bags in her purse.
505 So.2d at 580-81. This court found that the totality of the circumstances did not support a conclusion that the defendant consented to a search of the small bag which contained the cocaine. See also State v. Hammonds, 557 So.2d 179 (Fla. 3d DCA 1990) (after consenting to search of her luggage, defendant withdrew her consent to search of second bag, and cocaine found in that bag was properly suppressed).
In this case, as in Hutchinson, no words were spoken by the defendant, but he apparently consented nonverbally to the pat-down search. However, that consent did not automatically extend to the cigarette packs. The defendant withdrew his consent when he twice grabbed the deputy's hand in an apparent attempt to stop the search of the cigarette packs.
Furthermore, when the officer removed the cigarette packs from the defendant's pocket, at which time the defendant withdrew his consent to the search, the officer had no probable cause to believe that the defendant was concealing contraband. This case is distinguishable from State v. Stregare, 576 So.2d 790 (Fla. 2d DCA 1991), in which this court upheld a search of a cigarette pack because the existence of various factors, not present in the instant case, gave rise to probable cause to open the pack.
In his capacity as a security guard for the dance, the officer's proper course of action was to inform the defendant that he could not enter the dance if he did not consent to a search of the cigarette pack. However, it was improper for the officer to continue the search over the defendant's objections.
Reversed and remanded.
DANAHY, A.C.J., and PARKER, J., concur.