693 So.2d 92 (1997)
Patrice PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01635.
District Court of Appeal of Florida, Second District.
May 7, 1997.
*93 Robert E. Jagger, Public Defender, and Dwight Wolfe, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Patrice Parker appeals her conviction of possession of cocaine. We agree with her contention that the trial court erred in denying her motion to suppress, and we reverse her conviction.
On November 2, 1995, at approximately 7:15 p.m., St. Petersburg police officers Mark Carr and J. DeLuca were on motorcycle patrol as part of the street level narcotics unit. They observed Parker walking down the street and drove up behind her and asked if she would speak with them. She said she would. After Officer Carr asked Parker some questions about whether she had identification and what she was doing in the neighborhood, Officer DeLuca asked her if she had any narcotics on her person. Parker responded that she did not. Officer DeLuca asked her if she would show that she did not have any narcotics on her person and, responding affirmatively, Parker pulled out her pockets. Officer DeLuca then asked Parker if she had any narcotics in her bra because, according to the officers, the bra is a common place for women to hide narcotics. Parker responded that she did not, and Officer DeLuca asked her if she would shake her shirt and bra in order to prove this. Parker complied and a tissue fell to the ground. Parker placed her foot on the tissue and tried to stomp on it. Officer DeLuca grabbed her arm to prevent her from destroying evidence because in his experience and training crack cocaine is commonly placed in tissue. He retrieved the tissue and found that it in fact contained what later tested positive for crack cocaine.
Parker acknowledges that she consented to Officer DeLuca's request that she shake her bra. She argues, however, that *94 she at no time consented to a search of the tissue that fell to the ground. She further argues that any consent the officers thought they had been given to search the tissue was withdrawn by her when she placed her foot on the tissue. We agree. See Jimenez v. State, 643 So.2d 70 (Fla. 2d DCA 1994); State v. Hammonds, 557 So.2d 179 (Fla. 3d DCA 1990); Goldberg v. State, 407 So.2d 352 (Fla. 4th DCA 1981). The question remains, however, whether the officers had probable cause to believe that Parker was carrying contraband in the tissue and were therefore authorized to retrieve the tissue despite Parker's withdrawal of her consent to search. See Jimenez.
The officers testified that the area in which they encountered Parker is a residential area, but there was no testimony regarding whether it is a high volume drug area. When the tissue fell to the ground, the officers could not see cocaine in it. Officer DeLuca stated that it was a very small piece of tissue. Officer Carr testified that he believed the tissue contained crack based on his experience and training. He gave no indication of the extent of his experience and training except to state that he has worked for the St. Petersburg police for eight years, he has been on the SWAT team for five years, and he was presently working with the street level narcotics unit. Although Officer DeLuca stated that he has had training in narcotics work and surveillance and has watched narcotics deals, he did not elaborate on the extent of his training and experience. He testified that the tissue attracted his attention solely because Parker had told the officers there was nothing in her bra.
Observation of the tissue, by itself, did not provide the officers with probable cause to seize the tissue and search it for contraband. In State v. Ellison, 455 So.2d 424, 428 (Fla. 2d DCA 1984), this court elaborated on the insufficiency of the mere observation of the packaging of suspected contraband to constitute probable cause for a search and seizure:
[A]n officer's observation of the outer packaging of a suspected parcel, standing alone, is insufficient to constitute probable cause to believe the parcel contains contraband. Hansen v. State, 385 So.2d 1081 (Fla. 4th DCA), petition for rev. denied, 392 So.2d 1379 (Fla.1980). Consequently, we have held that hand-rolled cigarettes alone may not be seized even though an experienced narcotics officer may suspect that they contain marijuana. Carr [v. State, 353 So.2d 958 (Fla. 2d DCA 1978).] Similarly, seizure of a plastic baggie ensconced in a shirt pocket is impermissible when the seizure is based solely on the officer's knowledge that marijuana is commonly carried in such containers. Harris v. State, 352 So.2d 1269 (Fla. 2d DCA 1977). See also Bailey [v. State, 319 So.2d 22 (Fla.1975).] Likewise, a brown manila envelope, which could contain "any number of items," cannot be opened and investigated without a warrant where the officer had no reason to believe that it contained marijuana even though such envelopes are commonly used to carry small amounts of marijuana. Thompson v. State, 405 So.2d 501 (Fla. 2d DCA 1981). Accord Kelly v. State, 407 So.2d 1011 (Fla. 5th DCA 1981) (amber-colored prescription bottle); Hansen ("bundles" composed of a garbage bag, cardboard box, and briefcase).
The existence of probable cause depends on the totality of the circumstances. Thus, observation of suspected contraband can suffice to provide an officer with probable cause if other circumstances exist to corroborate the officer's suspicion. "Relevant to this inquiry is the officer's specific experience with respect to the particular narcotic in question." Doctor v. State, 596 So.2d 442, 445 (Fla.1992). The state must present more, however, than a statement by the officer that he had a feeling based on his experience. Id.
In Doctor and Ellison the courts held that the officers had probable cause to believe the defendants were carrying contraband in part because of the detailed testimony the officers gave regarding their experience. In Doctor, the officer testified to the number of arrests he had made for possession of a controlled substance, the number of times he had been present at such arrests, the number of times he had seen or felt crack cocaine, and the number of times he had found it located in a *95 particular area of a suspect's body. 596 So.2d at 445. Similarly, in Ellison the officer testified to the number of tinfoil and baggie packages he had observed that turned out to contain heroin or cocaine and the number of arrests in which he had participated that involved such packaging arrangements found in the waistband area of the suspects' clothing. 455 So.2d at 426. See also Albo v. State, 379 So.2d 648 (Fla.1980); P.L.R. v. State, 455 So.2d 363, 364 (Fla.1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985).
The officers in this case provided no such detailed testimony. Although they stated that women commonly carry narcotics in their bras, and Officer DeLuca stated that in his experience and training crack is placed in tissue, these are merely conclusory statements. Neither officer gave any experiential testimony to provide a basis for these statements. The only testimony Officer Carr gave regarding his experience was the number of years he had worked in various operations of the police department. Officer DeLuca merely testified that he had training in narcotics work and had watched narcotics deals. Moreover, he stated the tissue attracted his attention because Parker had said she did not have anything in her bra. Thus, the officers in this case provided no testimony to show that their experience with crack cocaine seizures corroborated their suspicions that Parker's tissue contained this contraband. Consequently, the officers did not have probable cause to seize the tissue and search it. See also Howard v. State, 645 So.2d 156, 158 (Fla. 4th DCA 1994) (officer had no actual experience with cocaine; his knowledge came from a 40-hour training course); Shaw v. State, 611 So.2d 552, 557 (Fla. 1st DCA 1992) (officer's testimony regarding his experience with narcotics was sketchy, there was no indication regarding how many narcotics arrests he had made, and record lacked sufficient competent evidence whether he had experience with cocaine).
Accordingly, the trial court erred in denying Parker's motion to suppress. In light of the fact that she specifically preserved the right to appeal the ruling on her motion to suppress when she entered her plea of nolo contendere, we reverse Parker's judgment and sentence and remand for further proceedings consistent with this opinion.
Reversed and remanded.
PARKER, A.C.J., and LAZZARA, J., concur.