707 So.2d 774 (1998)
Willie PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03215.
District Court of Appeal of Florida, Second District.
January 9, 1998.
James Marion Moorman, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
*775 PARKER, Chief Judge.
Willie Phillips appeals the order adjudicating him guilty of possession of cocaine and resisting an officer without violence, arguing that the trial court erred in denying his dispositive motion to suppress evidence. We agree and reverse.
Phillips' involvement with police officers began as a consensual encounter. There is no dispute that Officer Musante requested permission to search Phillips and his belongings and that Phillips responded, "You can search everything I got, go right ahead." While Officer Musante was searching Phillips' gym bag, Phillips jammed his hand into his pocket and refused to remove it. A scuffle ensued and the officers placed Phillips in handcuffs. Officer Musante then removed a cigarette pack from Phillips' pocket. A plastic baggie containing crack cocaine was found inside the pack. Officer Musante could not remember if he did a pat-down search of the pocket.
The only issue raised at the hearing on the motion to suppress was whether Phillips withdrew his consent to search by repeatedly placing his hand into his pocket. The trial court concluded: "He [Phillips] gave his consent. So they were entitled to search him. And there is no law that I know of in the middle of the search that you can revoke your consent."
The trial court's statement of the law was erroneous. It is well settled that in the context of a consensual encounter, a voluntary consent to search can be withdrawn. See Parker v. State, 693 So.2d 92 (Fla. 2d DCA 1997); Jimenez v. State, 643 So.2d 70 (Fla. 2d DCA 1994); State v. Hammonds, 557 So.2d 179 (Fla. 3d DCA 1990); Nease v. State, 484 So.2d 67 (Fla. 4th DCA 1986).
In Jimenez, this court concluded that while the defendant had originally consented to a search, he "withdrew his consent when he twice grabbed the deputy's hand in an apparent attempt to stop the search of the cigarette packs." 643 So.2d at 72. Therefore, where there was no probable cause, "it was improper for the officer to continue to search over the defendant's objections." Id.
Because of the trial court's error in applying the established case law to the facts of this case, this court must give the trial court the opportunity to address the issue of Phillips' withdrawal of his consent to search. In Holland v. Gross, 89 So.2d 255 (Fla.1956), the supreme court stated:
When the appellate court is convinced that... the trial court has misapplied the law to the established facts, then the decision is "clearly erroneous" and the appellate court will reverse because the trial court has "failed to give legal effect to the evidence" in its entirety.
Id. at 258; see also Dorton v. Jensen, 676 So.2d 437, 438 n. 1 (Fla. 2d DCA 1996) (holding that the trial court's misapplication of case law required reversal and remand for a new trial); State v. Langer, 516 So.2d 310 (Fla. 3d DCA 1987) (holding that the trial court's misapplication of the law regarding automobile searches required appellate court to reverse the suppression order).
Because the order denying Phillips' motion to suppress resulted from the trial court's erroneous view of the law, we reverse and remand for a new hearing on the issue of whether Phillips withdrew his consent to search.
Reversed and remanded.
PATTERSON and NORTHCUTT, JJ., concur.