SCHEB, JOHN M., (Senior) Judge.
The State charged June M. Riley with possession of methamphetamine. She pleaded no contest, specifically reserving the right to appeal the trial court’s denial of her motion to suppress the contraband. She argues the State did not establish probable cause for the warrantless seizure of the contraband from her person. We agree and reverse.
On February 4, 1997, after receiving an anonymous tip, Polk County Deputy Sheriff Parks R. Warren, Jr. and a detective appeared at the front door of appellant’s residence asking to search for illegal drugs. As two other armed detectives stood by within view, appellant gave her verbal permission for the officers to come inside and search. *928 During the course of the search Deputy Warren physically seized a small closed container from appellant’s hand, the contents of which tested positive for methamphetamine. Appellant was arrested.
At appellant’s motion to suppress only Deputy Warren testified. He stated that, while he was searching appellant’s residence, she asked if she could clean her house. When told that she could, appellant got down on her hands and knees behind the recliner where she had been sitting and pulled a blanket from behind the chair. Deputy Warren did not see her pick up anything, but as she got .up he saw something in her left hand. He asked her what she had and she said “nothing.” She then walked into the bedroom followed by the deputy, putting her left hand in her front pocket. She walked over to the dresser, took her hand out of her pocket, and put it behind the dresser as if she were going to drop the object. When asked whether he could see what she was holding, he responded, “I couldn’t determine at that time what it was, but I just noticed it was yellow in color.” The deputy said that when she attempted to drop the object behind a dresser, “I reached around. her. and grabbed her by the wrist, hand, and told her I knew she had something and I wanted to see what it was.” Deputy Warren expressed no concern that appellant had a weapon or that she would destroy the object in her possession. Nevertheless, without her permission, he physically wrested control of what turned out to be a small yellow opaque container approximately one inch by one inch with a lid.
Appellant does not contend that she did not give permission for the officers to search her residence. Rather, she argues Deputy Warren lacked probable cause to search her person and seize the container she held in her hand. Of course, her concealment of the object by holding it in her hand evidenced her lack of consent. See Parker v. State, 693 So.2d 92 (Fla. 2d DCA 1997). . Indeed, the trial court correctly found that she did not consent to the officer’s search of her person.
We have repeatedly recognized that the existence of probable cause to believe that a person is carrying contraband and thus may be searched without consent depends on the totality of the circumstances. See Parker; Bellamy v. State, 696 So.2d 1218 (Fla. 2d DCA 1997); State v. Ellison, 455 So.2d 424 (Fla. 2d DCA 1984). But, here, the only relevant circumstances were that while officers were searching appellant’s home, she attempted to conceal an unidentified object from their view. The mere sight of a householder holding a small object in her hand in her own home did not give the deputy probable cause to seize the object from appellant’s possession. This could well have been an embarrassing personal item that she did not want to expose.
We, therefore, reverse the trial court’s order denying appellant’s motion to suppress and remand with instructions to the trial court to grant the motion.
Reversed and remanded with instructions.
THREADGILL, A.C.J., and WHATLEY, J., Concur.