PATTERSON, Acting Chief Judge.
Charlene Brown appeals from her judgment and sentence for possession of cocaine. She argues that the trial court erred in denying her motion to suppress evidence. Because the police conducted an illegal search and seizure, we reverse Brown’s conviction.
A police officer stopped Brown’s car to inform Brown that her brake lights were not functioning. Because Brown seemed nervous, the officer asked to search the car for weapons or contraband. Brown consented to the search, but before she got out of the car, she reached under the driver’s seat, picked up an object, and held it in a fist. The officer asked her to open her hand. Brown did not respond. The officer “demanded that she open up her fist.” Brown opened her hand, revealing a wadded-up piece of white paper. The officer opened the paper and discovered a small baggy containing cocaine powder.
Brown argues that she only consented to a search of her car; she did not consent to a search of her person. She also argues that the officer lacked probable cause to search the contents of her hand. We agree. Brown did not willingly expose the contents of her hand until the officer ordered her to do so. Thus, the search cannot be justified on the basis of Brown’s consent. See State v. Wells, 539 So.2d 464, 467 (Fla.1989) (stating that “[w]hen the police are relying upon consent to conduct a warrantless search, they have no more authority than that reasonably conferred by the terms of the consent”); Alvarez v. State, 515 So.2d 286 (Fla. 4th DCA 1987) (holding that when consent is relied on as the justification for a search, the State must prove such con *1175 sent was freely and voluntarily given and not in mere acquiescence to police authority).
Further, the officer did not have probable cause to search Brown’s person. The officer stopped Brown for a traffic infraction, not because she was suspected of engaging in illegal activity. He did not see anything on Brown or in the car that would have given him probable cause to suspect that Brown was concealing contraband. Thus, the officer exceeded his authority in opening the paper. See Jimenez v. State, 643 So.2d 70 (Fla. 2d DCA 1994) (holding that the defendant withdrew his consent to a search, and thereafter, the search of a cigarette pack was illegal absent probable cause to believe the defendant was concealing contraband).
The State argues that the police officer was justified in ordering Brown to open her hand to determine whether Brown was holding a small weapon. However, once Brown revealed the paper in her hand, it was evident that the object was not a weapon and the officer did not have probable cause to search further. Thus, the search was illegal and the evidence should have been suppressed. Accordingly, we reverse Brown’s judgment and sentence.
Reversed.
BLUE and GREEN, JJ., Concur.