PER CURIAM.
As this court must interpret the evidence presented below in the light most favorable to sustaining the trial court’s ruling in favor of the state on the motion to suppress, see Wasko v. State, 505 So.2d 1314, 1316 (Fla.1987); McNamara v. State, 357 So.2d 410, 412 (Fla.1978), we affirm the court’s determination that the defendant was not in custody requiring Miranda warnings when he voluntarily accompanied the officers to the police department for questioning. See Correll v. State, 523 So.2d 562, 565 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). Appellant’s statements were freely and voluntarily given after having been advised of his rights. Although appellant’s mother did not want her son questioned without her being present, and the police did not contact her when they questioned appellant, he was over the age of eighteen and an adult and the mother could not invoke his constitutional rights for him. Cf. Perez v. State, 673 So.2d 160, 162 (Fla. 4th DCA 1996). Thus, we find no error in the trial court’s determination that this constituted a voluntary confession.
WARNER, C.J., SHAHOOD and TAYLOR, JJ., concur.