PER CURIAM.
Earl Jacobs pleaded no contest to possession of cocaine reserving the right to appeal the denial of his dispositive motion to suppress. We reverse the denial of the motion to suppress and remand for further proceedings.
On October 18, 1997, a sheriffs deputy was patrolling the Laurel area in Sarasota County, off U.S. 41 and Jato Drive — a location known for the sale of crack cocaine. The deputy observed a vehicle being driven up and down several roads in the area. He began to follow the vehicle, which was being driven in excess of the posted speed limit, and then effected a stop.
Upon stopping the vehicle, the deputy recognized one of the passengers as a drug user who frequented the area. The known drug user told the deputy that the other two occupants of the car were merely giving her a ride and that she had no idea why they were there. She volunteered that their vehicle had been approached by an individual who had “made contact with the car,” but she did not know whether a drug transaction had occurred. While questioning her, the deputy noticed that she threw a white rock-like substance to the ground, but the deputy was unable to later locate the suspected contraband.
The deputy next turned his attention to the appellant, Jacobs, who was also a passenger in the car. When the deputy asked Jacobs if he had made contact with any persons in the Laurel area, “he denied having any knowledge of even being there.” The deputy stated,
First I asked him if he had any drugs, guns or knives on his person; he stated no. I said, is it all right if I look for my safety and for his? He said sure, at which time I searched — he voluntarily pulled items out of his pockets and put them on the car.
As Jacobs was doing this, the deputy noticed that some items still remained in Jacobs’ shirt pockets. The deputy asked Jacobs to also remove those items. Jacobs again complied. One of the items Jacobs removed from his pockets was a cellophane-wrapped package of cigarettes. The deputy then noticed a cellophane wrapper sticking from the top of one of Jacobs’ shirt pockets. After asking him if there was anything else in his pockets, Jacobs replied, “There’s nothing else in my pockets.” The deputy reached toward Jacobs’ pocket and pulled out the cellophane wrapper. The wrapper contained crack cocaine. Jacobs was arrested for possession of cocaine.
Jacobs filed a motion to suppress the cocaine. At the hearing on the motion, the defense stipulated that the stop of the vehicle was lawful. The State then argued *673 that the search of Jacobs was also lawful because it was consensual and, even if there was not consent, the deputy had probable cause to seize the cellophane wrapper.. The trial court denied the motion to suppress and this appeal ensued.
We are not persuaded by the State’s argument that Jacobs gave the officer consent to pull the cellophane wrapper out of his pocket. Even if Jacobs’ initial compliance with the deputy’s instruction was deemed consensual, any such consent was withdrawn when Jacobs told the deputy he had nothing else in his pockets. See Williams v. State, 727 So.2d 1050 (Fla. 2d DCA 1999).
Likewise, we find nothing in this record demonstrating that the deputy had probable cause to seize the partially revealed cellophane wrapper from Jacobs. This case did not involve a pat down search, and it is apparent that the cellophane did not suggest a weapon. Thus, the deputy had to have probable cause to believe that the cellophane wrapper contained illegal contraband.
The present case is similar to cases involving a defendant in possession of an otherwise innocuous item which arouses an officer’s suspicion that it contains illegal contraband. Without more than a bare suspicion, seizing such an item and then opening it for further investigation is improper. Compare R.R. v. State, 715 So.2d 1062 (Fla. 5th DCA 1998) (finding search of cigar tube improper where no additional circumstances gave rise to probable cause), with State v. Stregare, 576 So.2d 790 (Fla. 2d DCA 1991) (finding search of cigarette package proper where a number of additional circumstances, including the defendant’s nervous and unsuccessful attempt to pass the package to the driver who appeared to be a nonsmoker, gave rise to probable cause).
Although the deputy testified that he knew that cellophane wrappers were used for packaging crack cocaine, he candidly admitted that before he pulled the cellophane wrapper out of Jacobs’ pocket he did not observe anything inside the wrapper. Unlike the defendant in Stregare, 576 So.2d 790, Jacobs’ possession of a cellophane wrapper was not particularly suspicious where he also had a pack of cellophane-wrapped cigarettes. Since the totality of the circumstances did not otherwise provide the deputy with the requisite probable cause, the motion to suppress should have been granted.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and FULMER and SALCINES, JJ., Concur.