769 So.2d 1051 (2000)
Colby ROSENQUIST, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1816.
District Court of Appeal of Florida, Second District.
July 14, 2000.
Rehearing Denied August 11, 2000.
Wilbur C. Smith, III, Fort Myers, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Colby Rosenquist appeals the denial of his dispositive motion to suppress and challenges the sufficiency of the evidence to support his convictions for burglary with a firearm, grand theft with a firearm, and grand theft. We affirm.
The factual scenario in the present case is rather confusing because this appeal concerns only the second portion of a two-part oral plea agreement between Rosenquist and the State. The first portion of the plea agreement pertained to charges for two counts of grand theft of automobiles for which Rosenquist agreed to plead guilty in exchange for lenient treatment. This original portion of the plea agreement is not the subject of the present appeal. However, in the second part of the agreement, Rosenquist promised to cooperate with the Collier County Sheriffs Office in resolving pending property crime investigations. The prosecuting attorney represented that Rosenquist would not be charged with any new crimes in which he implicated himself if he was completely truthful in his statements about those new offenses and if he testified truthfully at future trials.
To effectuate the second portion of the agreement, Rosenquist was interviewed in jail by two sheriffs detectives. Rosenquist *1052 was given his Miranda[1] warnings by one of the detectives. He was assured that as long as he was completely truthful, any statements made would not be used against him. Rosenquist related information concerning a burglary with which he had not been charged and named two individuals who allegedly participated with him in the burglary. Thereafter, the detectives requested that Rosenquist take a polygraph examination. Rosenquist was once again assured that the plea agreement was still in full force and any statements made during the polygraph examination would not be used against him if he was completely truthful.
While Rosenquist was engaged in the polygraph examination, the two detectives monitored his statements from a concealed location. During the examination, Rosenquist admitted that he had falsely implicated the two individuals he had earlier stated were involved in the burglary. Rosenquist then informed the examiner of the names of the two individuals who actually participated in the burglary and described the manner in which the stolen merchandise was disposed.
Two days later, the detectives arrested Rosenquist for armed burglary, grand theft with a firearm, and grand theft (hereinafter collectively "the burglary"). Rosenquist filed a motion to suppress the statements concerning the burglary made to the detectives and to the polygraph examiner. At the motion to suppress hearing, the detectives testified that they were of the opinion that the agreement not to charge Rosenquist with any new offenses had been voided because he had not been truthful in all the information provided. The trial court summarily denied the motion.
Appellate review of a motion to suppress involves questions of both law and fact. This court must make a de novo review of the trial court's application of the law to the facts. See Hines v. State, 737 So.2d 1182 (Fla. 1st DCA 1999). Further, the appellate court is to review the evidence and inferences to be drawn therefrom in the light most favorable to the prevailing party. See Codie v. State, 406 So.2d 117 (Fla. 2d DCA 1981).
Florida Rule of Criminal Procedure 3.172(h)[2] and section 90.410, Florida Evidence Code[3] restrict the admissibility of statements "made in connection with" a plea agreement which is later withdrawn. However, in Groover v. State, 458 So.2d 226 (Fla.1984), the Florida Supreme Court explained the meaning of the term "in connection with" as it applies to these rules. The court held that the term does not apply to statements made "in fulfillment of an agreed-to bargain." 458 So.2d at 228. This decision was relied upon and quoted recently in Wainwright v. State, 704 So.2d 511, 514 (Fla.1997), cert. denied, 523 U.S. 1127, 118 S.Ct. 1814, 140 L.Ed.2d 952 (1998). In that case, the supreme court held that when a plea is in the "performance stage," the statements made by an individual are admissible. As in Wainwright, at the time Rosenquist made the incriminating statements concerning the burglary, "the agreement between the *1053 parties was a fait accompli. There was no need for `free and open discussions,' i.e., privileged discussions, since the deal already had been sealed. No public policy would be furthered by suppressing such statements." 704 So.2d at 514.
Accordingly, we affirm the trial court's decision denying the motion to suppress the statements made by Rosenquist concerning the burglary.
Affirmed.
PATTERSON, C.J., and NORTHCUTT, J., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Florida Rule of Criminal Procedure 3.172(h) provides:

(h) Evidence. Except as otherwise provided in this rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
[3] Section 90.410, Florida Evidence Code provides:

Offer to plead guilty; nolo contendere; withdrawn pleas of guilty. Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under Chapter 837.