LaROSE, Judge.
Robert Haselier appeals his conviction and sentence for trafficking in methamphetamine, possession of drug paraphernalia, and possession of cocaine. He pleaded no contest, reserving his right to appeal the denial of his motion to suppress evidence seized after an allegedly illegal search. Because Mr. Haselier consented to the search, we affirm.[1]
After a valid traffic stop of his vehicle, Mr. Haselier consented to a search of his vehicle and person. The officer saw bulges in Mr. Haselier’s pants pockets and asked him to empty his pockets. Mr. Haselier produced a small Velamint container and, without comment, promptly attempted to place it back into his pocket. Based on prior experience, the officer suspected that the container held drugs. He asked Mr. Haselier to see the container. Mr. Haselier, with a sigh, handed the container to the officer. It contained methamphetamine. The officer later found methamphetamine, cocaine, and a plastic scale in Mr. Haselier’s car.
In his motion to suppress, Mr. Haselier claimed that he withdrew his consent to search by pushing the Velamint container back in his pocket and hesitating to remove it again at the officer’s request. Mr. Haselier did not testify at the suppression hearing. The trial court denied the motion to suppress, concluding that Mr. Haselier never withdrew his consent, and, alternatively, that probable cause supported the officer’s search.[2]
Despite his protestations to the contrary, Mr. Haselier did not withdraw his consent to the search. He could have stated unequivocally that he wanted the search to stop; he did not do so. See Lowery v. State, 894 So.2d 1032, 1037 (Fla. 2d DCA 2005) (Silberman, J., dissenting). Rather, he voluntarily surrendered the Velamint container to the officer.
Further, Mr. Haselier’s nonverbal conduct does not demonstrate a withdrawal of consent. A more objective manifestation of that intent is needed. In Lowery, the defendant actively, and physically, interfered with an officer’s attempts to search his pockets. Despite the interference, the officer found crack cocaine. We held that the search was not consensual. The defendant’s obvious nonverbal gestures and disregard for officer commands reflected his intent to stop or limit the search. Id. at 1034.
Similarly, in Smith v. State, 753 So.2d 713, 715 (Fla. 2d DCA 2000), we held that the search of the defendant’s mouth for crack cocaine was not consensual. Although the defendant consented initially to open his mouth, he withdrew that consent by obvious and unequivocal efforts to conceal the contraband. Id. (defendant cupped his tongue and did not respond to officer’s instructions to lift it); see also Jimenez v. State, 643 So.2d 70, 71 (Fla. 2d *305 DCA 1994) (defendant initially consented to patdown search, but then grabbed deputy’s hand in apparent attempt to stop search of cigarette packs found in pocket).
In contrast, Mr. Haselier voluntarily removed the container from his pocket, returned it to the pocket, and gave it to the officer upon request. His sigh was just a sigh. His compliance with the officer’s request for the Velamint container was not done with the clarity of withdrawal involved in Lowery and Smith. Mr. Haselier consented to the search. He did not physically interfere with the officer’s search; he did not attempt to leave; he said nothing to indicate a withdrawal of consent. He willingly complied with the officer’s request. Accordingly, the trial court properly denied the motion to suppress.
Affirmed.
ALTENBERND and CASANUEVA, JJ., Concur.

. "Appellate review of a motion to suppress involves questions of both law and fact. This court must make a de novo review of the trial court's application of the law to the facts.” Rosenquist v. State, 769 So.2d 1051, 1052 (Fla. 2d DCA 2000).

. Our review of the record supports no conclusion that probable cause existed to search Mr. Haselier. However, given our holding that Mr. Haselier consented to the search, we need not elaborate further on the trial court’s alternative conclusion.