NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DESMOND BAKER, DOC #R17904,  )
                                         )
        Appellant,  )
                                         )
v.  )       Case No. 2D17-2160
                                         )
STATE OF FLORIDA,  )
                                         )
        Appellee.  )
_____)

Opinion filed July 10, 2019.

Appeal from the Circuit Court for
Pinellas County; William H. Burgess, III,
Judge.

Howard L. Dimmig, II, Public Defender,
and Carol J. Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa, for
Appellee.

ROTHSTEIN-YOUAKIM, Judge.

        Desmond Baker challenges his sentence of fifty years' imprisonment

without review after twenty-five years, which the trial court imposed for his 1999 first-

degree murder conviction upon resentencing pursuant to Miller v. Alabama, 567 U.S.

460 (2012) (holding that mandatory life imprisonment without parole for offenders who were younger than eighteen years old at the time of their offense violates the Eighth Amendment). We agree with the State that Baker is not entitled to review because previous to his original sentencing on the first-degree murder count, he had been convicted of armed robbery and armed burglary arising out of criminal episodes separate from the one involving the murder. See § 921.1402(2)(a)(4), (5), Florida Statutes (2017) ("A juvenile offender sentenced under s. 775.082(1)(b)1. is entitled to a review of his or her sentence after 25 years [unless] he or she has previously been convicted of [certain enumerated offenses that were] part of a separate criminal transaction or episode . . . ."); cf. Wasko v. State, 505 So. 2d 1314, 1317-18 (Fla. 1987) (explaining that convictions obtained contemporaneously with a conviction for a capital offense "can qualify as previous convictions of violent felony and may be used as aggravating factors" at sentencing for the capital offense when those convictions "involved multiple victims in a single incident or separate incidents combined in a single trial" (and cases cited therein)). We reject Baker's other arguments without discussion.

Affirmed.

BLACK and SLEET, JJ., Concur.